1072874IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EHSAN TABESH<br>　　　Plaintiff, | §<br>§<br>§<br>§ | |
| V. | §<br>§<br>§ | CIVIL ACTION NO. 4:16-CV-1255 _____ |
| WESTERN HERITAGE INSURANCE<br>COMPANY AND RON PATTON<br>　　　Defendants. | §<br>§<br>§<br>§<br>§ | [JURY DEMANDED] |

### DEFENDANT'S, WESTERN HERITAGE INSURANCE COMPANY'S, NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, WESTERN HERITAGE INSURANCE COMPANY ("Western Heritage"), and files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and would show this Court as follows.

## I.   PROCEDURAL HISTORY

1.   On January 26, 2016, Plaintiff, Ehsan Tabesh filed his Original Petition and initiated an action against Defendants, Western Heritage and Ron Patton ("Patton"), in County Court at Law No. Two, Harris County, Texas, in Cause No. 1072874 (the "State Court Action"). *See* Exhibit "A" attached hereto and incorporated herein by reference.

2.   On April 6, 2016, Western Heritage was served through the Texas Commissioner of Insurance with a copy of the Citation and Plaintiff's Original Petition. *See* Exhibit "B" attached hereto and incorporated herein by reference. Western Heritage timely filed its answer in the State Court Action on April 26, 2016. *See* Exhibit "C" attached hereto and incorporated herein by reference.

3. Defendant Patton has not been served. Because Defendant Patton has not been served, his consent is not required for removal.

4. Western Heritage's Notice of Removal was filed on May 5, 2016, which is within the thirty-day statutory time period for removal under 28 U.S.C. § 1446(b).

## II. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

5. Plaintiff, Ehsan Tabesh, is an individual residing in Harris County, Texas. *See* Exhibit A, ¶ 2.

6. Defendant, Western Heritage Insurance Company, is a company organized under the laws of Arizona with its principal place of business in Arizona.

7. Defendant, Ron Patton, is an individual whose place of residence is in Nevada. *See* Exhibit E. Alternatively, because there is outright fraud in Plaintiff's pleading of jurisdictional facts, Patton's citizenship should be disregarded for purposes of determining diversity jurisdiction.

### a. Amount in Controversy

8. The "matter in controversy" under 28 U.S.C. § 1332(a) is determined by reference to the plaintiff's pleadings. The damages plaintiff claims in its petition, if apparently claimed in good faith, are controlling. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). "Where . . . the petition does not include a specific monetary demand, [the defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Only "expenses and costs" are excluded from the calculation of the matter in controversy. 28 U.S.C. § 1332(a). Attorney's fees are an element of the amount in controversy where their

recovery is authorized by a statute under which the plaintiff sues. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), *cert. denied*, 534 U.S. 894 (2001).

9. The Petition in this matter does not state a specific monetary demand. However, Plaintiff sent Western Heritage a pre-suit notice letter of the amount he is seeking pursuant to TEX. INS. CODE § 541.154 and TEX. BUS. & COMM. CODE § 17.41. Pre-suit demand letters may be submitted as evidence to demonstrate that the amount in controversy exceeds $75,000.00. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998); *see also Hammel v. State Farm Fire & Cas. Co.*, No. 06-7470, 2007 WL 519280, at *4 (E.D.La. Feb. 14, 2007).

10. Here, the amount in controversy clearly exceeds the jurisdictional limit of $75,000.00, exclusive of interest and costs, in controversy in this lawsuit. The "matter in controversy" under 28 U.S.C. § 1332(a) is determined by reference to the Plaintiff's demand letter dated January 19, 2016. Plaintiff's pre-suit demand letter seeks $73,973.26 in total damages (including $63,973.26 in actual damages, $5,000.00 in mental anguish damages, and $5,000.00 in attorney's fees), plus extra-contractual damages, additional attorney's fees, statutory interest, court costs and exemplary damages should suit be filed. *See* Exhibit "D" attached hereto and incorporated by reference.

11. Further, Plaintiff's Original Petition seeks damages for alleged violations of the DTPA, the Texas Insurance Code, and Texas common law, including actual damages, statutory damages, eighteen (18) percent interest, attorney's fees and costs of court. *See* Exhibit A at ¶¶ 90-95. Specifically, Plaintiff prays for extra-contractual damages that would amount to up to three times the amount of its actual damages. *See id.* at ¶ 91. Exemplary damages can be considered when determining the amount in controversy. Three times the actual damages

claimed in Plaintiff's pre-suit demand letter ($63,973.26 x 3) is $191,919.78. *See* Exhibit D. Thus, the amount in controversy easily exceeds the $75,000.00 jurisdictional minimum.

### b. Improper Joinder of Patton

12. When determining whether diversity jurisdiction exists, courts shall disregard the citizenship of improperly joined defendants. *Tedder*, 590 F.2d at 117. The improper joinder doctrine applies when there is (1) actual fraud in the plaintiff's pleading of the jurisdictional facts or (2) when the plaintiff has no possibility of establishing a cause of action against a non-diverse defendant in state court. *Id.*

#### (i) Plaintiff's factual allegations are fraudulent.

13. Several of Plaintiff's "factual" recitations regarding Patton are **outright false** and amount to actual fraud in the pleadings:

   a. "PATTON'S investigation and inspection for damages to the Plaintiff'[s] Property was performed in less than twenty (20) minutes . . . ;

   b. PATTON failed to and/or refused to properly interview the Plaintiff to ascertain other damages that were not readily apparent . . . ;

   c. PATTON refused to and did not inspect for hidden or latent damage resulting to Plaintiff'[s] Property . . . ;

   d. PATTON failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit . . . ;

   e. PATTON performed only a cursory inspection of the roof and exterior, and interior of the insured Property; and failed to assess, estimate and include all covered damage to the Property in the report and adjustment of loss to WESTERN HERITAGE for interior water damages and/or note other damages existing to the Property at the time of inspection . . . ;

   f. PATTON fraudulently represented to Plaintiff verbally and by conduct, in preparing an inadequate, incomplete and undervalued estimate . . . ; and that most, if not all, of the covered damages found to exist upon observation of Plaintiff's Property, were not covered by the Policy . . . ." *See* Exhibit A at ¶ 22.

      g. "PATTON conducted a substandard and incomplete inspection of Plaintiff's Property." *See id.* at ¶ 30.

14. These allegations are completely false. **Patton did not inspect or prepare an estimate of damage to Plaintiff's property** because Patton was not the Independent Adjuster assigned to Plaintiff's claim, Claim No. W1008603. *See* Exhibit E.

15. Because Plaintiff's factual allegations against Patton are fraudulent, Patton's citizenship should be disregarded for purposes of determining diversity jurisdiction.

### III. INFORMATION FOR THE CLERK

16. Plaintiff: Ehsan Tabesh.

17. Defendants: Western Heritage Insurance Company and Ron Patton.

18. The case is pending in the County Court at Law No. 2, Harris County, Texas:

    Harris County Civil Court at Law No. 2
    Honorable Theresa Chang
    Harris County Civil Courthouse
    201 Caroline, Suite 740
    Houston, TX 77002-1900
    Telephone: (713) 755-6796

19. A civil cover sheet is attached.

20. A copy of Plaintiff's Original Petition is attached as Exhibit "A".

21. A copy of services is attached as Exhibit "B".

22. A copy of the answer for Western Heritage Insurance Company is attached as Exhibit "C".

23. A copy of Plaintiff's pre-suit demand letter is attached as Exhibit "D".

24. A copy of the affidavit of Denise Milby is attached as Exhibit "E".

25. A copy of the notice of removal to state court is attached as Exhibit "F".

26. An index of matters is attached.

27. A certified copy of the state court's docket sheet has been requested and will be supplemented.

28. There are no other pleadings in state court.

29. Counsel for Plaintiff:
    Matthew M. Zarghouni
    FOMBY & ZARGHOUNI LLC
    4669 Southwest Fwy Suite 575
    Houston, TX 77027
    Telephone: (346) 980-6600
    Telecopier: (832) 448-9149
    E-mail: matt@fozalaw.com

30. Counsel for Defendant, Western Heritage Insurance Company:
    Peri H. Alkas
    Ashley M. Parker
    PHELPS DUNBAR LLP
    One Allen Center
    500 Dallas St., Suite 1300
    Houston, Texas 77002
    Telephone: (713) 626-1386
    Telecopier: (713) 626-1388
    Email: peri.alkas@phelps.com
    ashley.parker@phelps.com

## IV. JURY DEMAND

31. Plaintiff and Defendant, Western Heritage, demanded a jury trial in state court.

32. Western Heritage hereby requests a trial by jury in federal court as well.

## V. CONCLUSION

33. Because Plaintiff is an individual residing in Harris County, Texas, Defendant Western Heritage is a business organized under the laws of Arizona and having its principal place of business in Arizona, Defendant Patton is an individual residing in the State of Arizona, and the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

WHEREFORE, Western Heritage Insurance Company respectfully requests that the above entitled action be removed from the County Court at Law No. 2, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

By: /s/ P. Alkas

Peri H. Alkas
State Bar No. 00783536
Federal Bar No. 15785
ATTORNEY-IN-CHARGE
PHELPS DUNBAR, LLP
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388
Email: alkasp@phelps.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT,
SCOTTSDALE INSURANCE COMPANY**

OF COUNSEL:
PHELPS DUNBAR LLP
Ashley M. Parker
Texas Bar No. 24081085
ashley.parker@phelps.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been served upon all counsel as listed below by placing a copy of same in the United States mail, certified, return receipt requested on May 5, 2016.

Matthew M. Zarghouni  
FOMBY & ZARGHOUNI LLC  
4669 Southwest Fwy Suite 575  
Houston, TX 77027  
*COUNSEL FOR PLAINTIFF*

VIA CM/RRR: 7014 3490 0000 3311 1522

/s/ P. Alkas  
Peri H. Alkas

PD.19339443.1