FILED
1/26/2016 2:33:52 PM
Stan Stanart
County Clerk
Harris County

CAUSE NO. __1072874__

| | | |
|---|---|---|
| EHSAN TABESH | § | IN THE COUNTY COURT OF |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WESTERN HERITAGE | § | |
| INSURANCE COMPANY AND | § | |
| RON PATTON | § | |
| | § | |
| *Defendants.* | § | 2__ COUNTY COURT AT LAW |

---

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, EHSAN TABESH ("Plaintiff"), and files this **Plaintiff's Original Petition** complaining of WESTERN HERITAGE INSURANCE COMPANY ("WESTERN HERITAGE") and RON PATTON ("PATTON"), (or collectively, "Defendants"), and for cause of action, Plaintiff would respectfully show the following:

### A. DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 1, Texas Rules of Civil Procedure 190.2 and 169.

### B. PARTIES

2.     Plaintiff, EHSAN TABESH, is an individual residing in HARRIS County, Texas at 5201 Petty St, Houston, TX 77007.

3.     Defendant, WESTERN HERITAGE INSURANCE COMPANY ("Western Heritage"), is an insurance company doing business in Texas that may be served by serving the Texas State Insurance Commissioner, P.O. Box 149104, Austin, Texas 78714 provided that the

---

*Plaintiff's Original Petition*                                                                 Page 1

citation and petition are forwarded to the following address by certified mail, return receipt requested: Western Heritage Insurance Company, Michael Lee Horsman, or any other officer, P.O. Box 5100, Scottsdale, Arizona 85261.

4.      Defendant, RON PATTON, is an adjuster in the course and working scope of employment with WESTERN HERITAGE. PATTON can be served at the residential address listed with the Texas Department of Insurance: PO BOX 206, Marble Falls, Texas 78654-0206. Plaintiff requests service at this time.

### C. JURISDICTION

5.      The Court has jurisdiction over WESTERN HERITAGE because WESTERN HERITAGE engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in HARRIS County, Texas, with reference to this specific case.

6.      The Court has jurisdiction over PATTON because he is a resident of the State of Texas who engages in the business of adjusting insurance claims in the State and Texas, and the causes of action arise out of his business activities in the State of Texas, with reference to this specific case.

### D. VENUE

7.      Venue is proper in HARRIS County, Texas, because the insured property is situated in HARRIS County, Texas. Tex. Civ. Prac. & Rem. Code §15.032.

### E. CONDITIONS PRECEDENT

8.      All conditions precedent to recovery have been performed, waived, or have occurred.

## F. AGENCY AND *RESPONDEAT SUPERIOR*

9.      Whenever in this petition it is alleged that WESTERN HERITAGE did any act or omission, it is meant that WESTERN HERITAGE itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of WESTERN HERITAGE or done in the normal routine, course and scope of the agency or employment of WESTERN HERITAGE or its agents, officers, servants, employees, or representatives.

## G. FACTS

10.      Plaintiff asserts claims for fraud, breach of contract, violations of Sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

11.      Plaintiff is the owners of Texas Insurance Policy No. SCP1025353 (hereinafter referred to as "the Policy"), which was issued by Defendant WESTERN HERITAGE.

12.      Plaintiff owns the insured residential property specifically located at 5201 Petty St, Houston, TX 77007 (hereinafter referred to as "the Property").

13.      Defendant WESTERN HERITAGE sold the Policy insuring the Property to Plaintiff.

14.      On or about October 30, 2015, a severe hailstorm and/or windstorm struck HARRIS County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's Property ("the Storm"). Specifically, Plaintiff's roof sustained extensive damage during the Storm. Shingles were lifted and water intrusion through the roof caused extensive damage throughout the interior of the Property including, but not limited to, the interior ceilings, walls, and flooring of the Property. Plaintiff's Property also sustained exterior damage during the Storm, including, but not limited to, soffits and fascia.

15.     After the Storm, Plaintiff filed a claim (Claim No. W1008603) with his insurance company, Defendant WESTERN HERITAGE, for the damages to the Property caused by the Storm.

16.     Plaintiff submitted a claim to Defendant WESTERN HERITAGE against the Policy for Roof Damage, Structural Damage, Water Damage, and Windstorm and Hail Damage the Property sustained as a result of the Storm.

17.     Plaintiff requested that Defendant WESTERN HERITAGE cover the cost of repairs to the Property pursuant to the Policy, including but not limited to: repair and/or replacement of the roof and repair of the interior and exterior damages to the Property.

18.     Defendant PATTON was the adjuster assigned by WESTERN HERITAGE to adjust the claim. PATTON was improperly trained and failed to perform a thorough investigation of Plaintiff' Hail and Wind Damage Property claim and intentionally, knowingly and deceptively, with malice, set out to deny all of the Plaintiff' Hail and Wind Damage Property claim by engaging in false, misleading, deceptive and fraudulent acts and practices of omission and commission which ultimately resulted in Plaintiff being denied the benefit of the bargain and loss payments due under the terms and conditions of the Policy of Insurance issued by WESTERN HERITAGE.

19.     PATTON's adjustment of the claim fraudulently, wrongfully, deceptively and negligently denied the claim and undervalued the cost of repair and/or replacement of covered items of damage to the insured Property in the claim report, which resulted in Plaintiff receiving nothing from WESTERN HERITAGE to cover the losses sustained by Plaintiff to repair and/or replace the insured Property damaged by the Storm, excluding the amounts of the deductible and non-recoverable depreciation assessed pursuant to the terms and conditions of the Policy for

which Plaintiff was responsible.

20.     As a result thereof, on or about December 15, 2015 Plaintiff received a letter from WESTERN HERITAGE in which it advised that based on PATTON's report the damages were below the Policy deductible and the claim could not be covered.

21.     WESTERN HERITAGE and its adjuster PATTON, wrongfully denied Plaintiff claim for repairs of the insured Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

22.     Based upon information and belief, Defendant PATTON was compensated on a per claim adjusted basis and/or other combination of compensation tied to the quantity of claims adjusted. PATTON was therefore motivated to conduct an inadequate and substandard claim investigation of Plaintiff's Hail and Wind damage loss to Plaintiff's Property resulting from the Storm in order to increase the number of claims adjusted by her for her personal pecuniary benefit, as indicated below in sub-paragraphs (a) thru (g). Defendant PATTON was negligent in violating WESTERN HERITAGE's written policies as they relate to claims handling practices by failing to fully investigate and document all damage to Plaintiff's insured Property and by failing to fully investigate and evaluate the Plaintiff's insured loss based upon local replacement and/or repair costs for each item of damage, as indicated below in sub-paragraphs (a) thru (g). Additionally, based upon information and belief and the acts and practices actually employed by Defendant PATTON, PATTON held a personal bias in favor of insurance companies and prejudice against insurance claimants generally, and more specifically towards Plaintiff herein as specifically demonstrated below in sub-paragraphs (a) thru (b).     Defendant PATTON, intentionally, knowingly and fraudulently, with malice, engaged in the following specified acts and practices, among others stated herein, in violation of and in breach of the adjuster's moral,

ethical and legal duties to Plaintiff as a licensed claims adjuster, which was a producing and proximate cause of the damages and losses sustained herein by Plaintiff resulting in the denial and/or underpayment of Plaintiff claim; to wit:

a) PATTON's investigation and inspection for damages to the Plaintiff' Property was performed in less than twenty (20) minutes, an insufficient time period to perform an adequate assessment of the damage to the Property resulting from the Storm;

b) PATTON failed to and/or refused to properly interview the Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in its pre-Storm condition;

c) PATTON refused to and did not inspect for hidden or latent damage resulting to Plaintiff' Property that is customarily found to exist on property that has gone through a hail and wind storm of the severity of that which occurred in HARRIS County on or about October 30, 2015;

a) PATTON failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by contractors in the HARRIS County area for the repair, replacement and restoration of the Plaintiff's Property damaged by the Storm;

b) PATTON performed only a cursory inspection of the roof and exterior, and interior of the insured Property; and failed to assess, estimate and include all covered damage to the Property in the report and adjustment of loss to WESTERN HERITAGE for interior water damages and/or note other damages existing to the Property at the time of inspection such as ceilings and walls that

were sustained as a result of the Storm;

c)    PATTON, during his investigation of the Plaintiff's claim, failed to include all damages sustained to the Property by the Storm, thus submitting an inaccurate and false report of Plaintiff's covered Storm Property losses to WESTERN HERITAGE;

d)    PATTON fraudulently represented to Plaintiff verbally and by conduct, in preparing an inadequate, incomplete and undervalued estimate of the cost of replacement and/or repair of Storm damage to Plaintiff's Property, that the majority of the damages to the Property were not severe or Storm related; and that most, if not all, of the covered damages found to exist upon observation of Plaintiff's Property, were not covered by the Policy, but were due to normal wear and tear or the result of other causes, when in fact such damage was Storm related and should have been included in PATTON's report to WESTERN HERITAGE.

23.    Defendant WESTERN HERITAGE failed to thoroughly review the fraudulent and inaccurate assessment of the claim by PATTON, and ultimately approved PATTON's inaccurate report of the damages to the Property.

24.    The mishandling of Plaintiff's claim has also caused a delay in the ability to fully repair the Property, which has resulted in additional damages. To date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy and have not been able to fully repair or replace the damage to the insured Property.

25.    Defendant PATTON is individually legally liable to Plaintiff for the losses and damages sustained as a direct, producing and proximate cause of the acts of omission and

commission detailed herein and above, for which Plaintiff here now sue for the recovery of monetary damages within the jurisdictional limits of this court against said Defendant.

26.   In the alternative, without waiving the foregoing, and based upon information and belief, WESTERN HERITAGE, in hiring adjusters and claims representatives, was responsible to and had a legal duty to ensure that they hired and retained competent, qualified and ethical licensed adjusters and claims representatives who would deal fairly, honestly and in good faith with the policy holders of WESTERN HERITAGE in the practice of insurance claims handling. WESTERN HERITAGE breached such duties in connection with Plaintiff's Property Damage claim resulting from the Storm by failing to properly train, direct and oversee the claims handling practices employed by PATTON.

27.   At all times material herein, WESTERN HERITAGE had a non-delegable contractual legal duty to timely, fairly and in good faith fully investigate, process, adjust, timely pay and re-adjust claims for all covered losses sustained by its policy holders as a result of the Storm, including Plaintiff.   WESTERN HERITAGE represented that it would do so in advertising mediums throughout the State of Texas and specifically in writing to its policy holders as an inducement for them to purchase and continue to renew homeowners and business property insurance with WESTERN HERITAGE.   Due to a lack of knowledge and understanding of the insurance claims handling process, knowledge of construction costs and insurance policy coverage issues relating to storm related property losses, Plaintiff relied on such representations to their detriment, purchased the Policy from WESTERN HERITAGE and accepted the estimate of damages from PATTON which, unknown to Plaintiff, included denial and underpayment of covered losses and damages sustained in the Storm.   WESTERN HERITAGE made such representations knowing they were false and with the intent that Plaintiff

rely on such representations. WESTERN HERITAGE, having breached its legal duty to timely, fairly and in good faith investigate, process, adjust and pay for all covered losses sustained by Plaintiff herein, is responsible for the acts of omission and commission set forth herein and above in connection with PATTON's investigation and claims handling practices employed to deny and/or underpay the covered losses and damages sustained by Plaintiff as a result of the Storm.

28.     WESTERN HERITAGE distributed training, educational, and instructional materials to the field claim representatives and adjusters such as PATTON; held meetings and issued directives to the field instructing how WESTERN HERITAGE wanted the hail losses like Plaintiff's to be handled. WESTERN HERITAGE communicated and disseminated claims handling practices and methodologies to its field adjusters such as PATTON of 1) "Quantity over Quality", 2) Minimization of damage estimates, 3) Under-valuation of reported replacement and/or repair estimates, and 4) Omission of probable covered damages in the report to the Property from the Storm.  These policies served to fuel and motivate PATTON's individual pre-disposition of bias in favor of insurance companies and prejudice towards claimants and the resulting losses sustained by Plaintiff as set forth herein.

29.     Additionally, WESTERN HERITAGE and PATTON collectively and individually, conspired to and did breach their duty of good faith, fair dealing and timely payment of all covered losses owed to Plaintiff resulting from the Storm as set forth below.

30.     Defendant PATTON conducted a substandard and incomplete inspection of Plaintiff' Property.  Plaintiff' damages were noted in an inaccurate report and/or estimate of Plaintiff' Storm damages, dated October 30, 2015, which failed to include many of the damages noted upon inspection and grossly underestimated and undervalued those damages that were

included.

31.     Defendant WESTERN HERITAGE failed to thoroughly review the assessment of the claim by Defendant PATTON and ultimately approved PATTON's inaccurate report of the damages. As a result, Plaintiff were denied payment on their claim and have suffered damages.

32.     Together, Defendants set out to deny and/or underpay properly covered damages. As a result of Defendants unreasonable investigation, including their under-scoping and incomplete inspection of Plaintiff's Storm damages during their investigation(s) and failure to provide full coverage for the damages sustained by Plaintiff, Plaintiff's claim was improperly adjusted, and Plaintiff were denied adequate and sufficient payment to repair the Property and have suffered damages.

33.     Prior to December 15, 2015, PATTON intentionally, knowingly and as directed by WESTERN HERITAGE, conducted a substandard investigation of Plaintiff's claim with the intent to underpay or deny all or a portion of the claim for the benefit of WESTERN HERITAGE, which resulted in losses and damages to Plaintiff's Property. This practice of wrongfully denying and/or underpaying claims of WESTERN HERITAGE policy holders for covered losses sustained by them in the Storm by refusing to fully inspect the Property for damage, misrepresenting coverage, the scope of coverage and loss, under-estimating repair costs, denying claims for covered losses underpaying covered losses of its insured policy holders, was specifically employed by PATTON in connection with the handling of the claim for damages and losses sustained by Plaintiff as a result of the Storm.

34.     Defendant PATTON, engaged in a claims processing handling practice designed by WESTERN HERITAGE to reduce the overall loss payments WESTERN HERITAGE was obligated contractually to pay policyholders as a whole in the HARRIS County area for the

covered losses resulting from the Storm. WESTERN HERITAGE directed its adjusters and claim representatives to misrepresent coverage, the scope of coverage and loss, under-estimate repair costs, deny claims for covered losses, underpay covered losses of its insured policy holders, refuse to inspect portions of the properties damaged, and claim that damage to the property found to exist was due to normal wear and tear or was the result of other causes that pre-existed the Storm as a basis for not including those damages in the report. Plaintiff' claim, as demonstrated herein, is typical of the deceptive acts and practices and unfair claims settlement practices intentionally and knowingly employed by Defendants WESTERN HERITAGE and PATTON in connection with the handling of Plaintiff' claim.

35. As detailed in the paragraphs below, Defendant WESTERN HERITAGE wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Defendant WESTERN HERITAGE underpaid some of the Plaintiff' claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

36. To date, Defendant WESTERN HERITAGE continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to their Property.

37. Defendant WESTERN HERITAGE failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant WESTERN HERITAGE's conduct constitutes a breach of the insurance contract between WESTERN

HERITAGE and Plaintiff.

38.    Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §§541.060(a)(1).

39.    Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

40.    Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

41.    Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

42.    Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants

performed an incomplete and outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff' losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

43.    Defendant WESTERN HERITAGE failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff' claim, within the statutorily mandated time of receiving notice of Plaintiff' claim. WESTERN HERITAGE's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

44.    Defendant WESTERN HERITAGE failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. WESTERN HERITAGE's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

45.    Defendant WESTERN HERITAGE failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. WESTERN HERITAGE's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

46.    From and after the time Plaintiff's claim was presented to Defendant WESTERN HERITAGE, the liability of WESTERN HERITAGE to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, WESTERN HERITAGE has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance

company would have relied to deny the full payment. WESTERN HERITAGE's conduct constitutes a breach of the common law duty of good faith and fair dealing.

47.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

48.     As a result of Defendants wrongful acts and omissions, Plaintiff were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

## H. CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT RON PATTON

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

49.     Plaintiff replead all of the material allegations above set forth in Paragraphs 1-48 and incorporate the same herein by this reference as if here set forth in full.

50.     Defendant WESTERN HERITAGE assigned Defendant PATTON to adjust the claim. Defendant PATTON was inadequately and improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff' damages.    During the investigation, PATTON failed to properly assess Plaintiff's Storm damages and omitted properly covered damages from his reports and/or estimates of the damages, including all of Plaintiff'a interior and exterior damages. In addition, the damages that PATTON did include in his estimates and reports were grossly undervalued and underestimated.    As a result, Plaintiff's claim was denied and has suffered damages.

. 51.     Defendant PATTON's conduct constitutes multiple violations of the Texas

Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

52.     Defendant PATTON is individually liable for his unfair and deceptive acts, despite the fact he was acting on behalf of WESTERN HERITAGE, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE §541.002(2). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

53.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff' damages; (2) stating that Plaintiff' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant PATTON's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

54.     Defendant PATTON failed to make an attempt to settle Plaintiff' claim in a fair manner, although he was aware of Defendant's liability to Plaintiff under the Policy.  Defendant PATTON's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

55.     Defendant PATTON failed to explain to Plaintiff the reasons for his offer of an inadequate settlement.   Specifically, Defendant PATTON failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff' claim.  The unfair settlement practice of Defendant PATTON as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

56.     Defendant PATTON's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

57.     Defendant PATTON did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff' exterior and interior damages.  Defendant PATTON's unfair settlement practice, as described above, of refusing to pay Plaintiff' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair

and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST DEFENDANT
## TEXAS WESTERN HERITAGE INSURANCE COMPANY

58.     Plaintiff replead all of the material allegations above set forth in Paragraphs 1-57 and incorporate the same herein by this reference as if here set forth in full.

59.     Defendant WESTERN HERITAGE is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

60.     Plaintiff replead all of the material allegations above set forth in Paragraphs 1-59 and incorporate the same herein by this reference as if here set forth in full.

61.     Defendant WESTERN HERITAGE's conduct constitutes a breach of the insurance contract made between WESTERN HERITAGE and Plaintiff.

62.     Defendant WESTERN HERITAGE's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of WESTERN HERITAGE's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

63.     Plaintiff replead all of the material allegations above set forth in Paragraphs 1-62 and incorporate the same herein by this reference as if here set forth in full.

64.     Defendant WESTERN HERITAGE's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

65.     Defendant WESTERN HERITAGE's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

66.     Defendant WESTERN HERITAGE's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though WESTERN HERITAGE's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

67.     Defendant WESTERN HERITAGE's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

68.     Defendant WESTERN HERITAGE's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(4).

69.     Defendant WESTERN HERITAGE's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(A)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

70.     Plaintiff replead all of the material allegations above set forth in Paragraphs 1-69 and incorporate the same herein by this reference as if here set forth in full.

71.     Defendant WESTERN HERITAGE's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

72.     Defendant WESTERN HERITAGE's failure to acknowledge receipt of Plaintiff' claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

73.     Defendant WESTERN HERITAGE's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

74.     Defendant WESTERN HERITAGE's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

75.     Defendant WESTERN HERITAGE, whose conduct is referenced herein and above, is an agent of WESTERN HERITAGE based upon his acts of commission and omission in the handling of Plaintiff's claim, including inspections, adjustments, and aiding in the adjustment of the loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

76.    Separately, and/or in the alternative, as referenced and described above, WESTERN HERITAGE ratified the actions and conduct of PATTON including the manner in which he discharged or failed to properly discharge her duties under the common law and applicable statutory laws and regulations.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

77.    Plaintiff replead all of the material allegations above set forth in Paragraphs 1-76 and incorporate the same herein by this reference as if here set forth in full.

78.    Defendant WESTERN HERITAGE's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

79.    Defendant WESTERN HERITAGE's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, WESTERN HERITAGE knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### *CAUSES OF ACTION AGAINST ALL DEFENDANTS*

80.    Plaintiff is not making any claims for relief under federal law.

## FRAUD

81.    Plaintiff replead all of the material allegations above set forth in Paragraphs 1-80 and incorporate the same herein by this reference as if here set forth in full.

82.    Defendants are liable to Plaintiff for common law fraud.

83.    WESTERN HERITAGE represented in its Policy that covered Hail and Wind Damages would be insured against loss.  Plaintiff, to their detriment, purchased WESTERN HERITAGE's policy in exchange for a benefit WESTERN HERITAGE knew the Plaintiff

would not receive. Plaintiff further relied to their detriment upon the false, fraudulent and deceptive acts and practices employed by Defendants, in performing an inspection, investigation and evaluation of Plaintiff's Storm damages. Plaintiff is not knowledgeable in the manner and scope required to investigate a storm related loss, nor knowledgeable in insurance loss coverage issues. Defendants, based upon their experience, special knowledge of storm related structural loss issues and insurance coverage issues were able to deceive Plaintiff into to believing that the property damage loss would be competently investigated by a qualified, ethical and experienced adjustor and that the loss would be properly, fairly and in good faith evaluated and assessed and the claim paid. Plaintiff was unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the Property losses sustained by Plaintiff. Plaintiff relied to their detriment on such actions and representations resulting in the losses and damages complained of herein. Plaintiff has been unable to repair the Storm damages and/or make temporary repairs using Plaintiff's own limited funds, prolonging Plaintiff's hardship of living in a storm damaged home. Defendants knew at the time the above misrepresentations and fraudulent conduct occurred that the representations contained in the estimate of loss and communicated to Plaintiff were false. Each and every one of the representations and deceptive acts and practices, as described above, and those stated in this paragraph, concerned representations and falsehoods concerning material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

84.    The statements were made with the intention that he should be acted and relied upon by Plaintiff, who in turn acted in reliance upon such statements and actions, thereby

causing Plaintiff to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

85.     Plaintiff replead all of the material allegations above set forth in Paragraphs 1-84 and incorporate the same herein by this reference as if here set forth in full.

86.     Defendants are liable to Plaintiff for conspiracy to commit fraud. Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

### I. KNOWLEDGE

87.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff' damages described herein.

### J. DAMAGES

88.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

89.     As previously mentioned, the damages caused by the October 30, 2015 hailstorm and/or windstorm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

90.     For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

91.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE §541.152.

92.    For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

93.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

94.    For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

95.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## K. STATEMENT OF RELIEF AND DAMAGES

96.    As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel

states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief less than $100,000 including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seek pre-judgment and post-judgment interest at the highest legal rate.

## L. RESERVATION OF RIGHTS

97.     Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserve the right to amend their petition to add additional counts upon further discovery and as their investigation continues.

## M. JURY DEMAND

98.     Plaintiff hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in HARRIS County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## N. REQUEST FOR DISCLOSURE

99.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 194.2.

## O. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sum as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition,

---

*Plaintiff's Original Petition*                                                      Page 24

Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they are justly entitled to.

Respectfully submitted,

**FOMBY & ZARGHOUNI LLC**

*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
4669 Southwest Fwy Suite 575
Houston, Texas 77027
P:(346) 980-6600
F:(832) 448-9149
Matt@fozalaw.com

**ATTORNEY FOR PLAINTIFF**